# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| STEVEN D. MILLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BAUSCH HEALTH COMPANIES INC.;<br>BAUSCH + LOMB CORPORATION;<br>THOMAS ROSS; CHRISTINA<br>ACKERMANN; GAOXIANG HU; ICAHN<br>ENTERPRISES L.P.; ICAHN<br>ENTERPRISES G.P. INC.; ICAHN<br>CAPITAL LP; CARL ICAHN; BRETT<br>ICAHN,<br><br>　　　　　Defendants. | 1:25-CV-25893-Bloom/Elfenbein<br><br>**ORAL ARGUMENT<br>REQUESTED** |

**MEMORANDUM OF LAW IN SUPPORT OF BAUSCH HEALTH COMPANIES INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**

Samuel A. Danon (FBN 892671)
HUNTON ANDREWS KURTH LLP
333 SE 2nd Avenue, Suite 2400
Miami, Florida 33131
(305) 810-2500
sdanon@hunton.com

Robert J. Giuffra, Jr. (*pro hac vice*)
Ann-Elizabeth Ostrager (*pro hac vice*)
William S. Wolfe (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
guiffrar@sullcrom.com
ostragerae@sullcrom.com
wolfew@sullcrom.com

Brandon T. Wallace (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Floor 21
Los Angeles, California 90067
(310) 712-6694
wallaceb@sullcrom.com

March 6, 2026

## TABLE OF CONTENTS

*Page(s)*

**PRELIMINARY STATEMENT** ...................................................................................................1

**FACTUAL BACKGROUND** ......................................................................................................1

**ARGUMENT** ................................................................................................................................4

    I.      This Court Lacks Personal Jurisdiction Over Bausch Health. ..........................................4

    II.     Miller Has Failed to Plead Cognizable Section 1981 and Tortious Interference Claims Against Bausch Health. ........................................................................................7

            A.     Bausch Health Is Not Vicariously Liable for Other Defendants' Alleged Conduct. ..............................................................................................................7

            B.     Bausch Health Cannot Be Liable for Racial Discrimination in Contracting for Contracts to Which It Was Not a Party. ...................................................8

            C.     There Is No Valid Tortious Interference Claim Against Bausch Health. .................8

**REQUEST FOR HEARING** ........................................................................................................9

**CONCLUSION** ............................................................................................................................9

# TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Ashcroft* v. *Iqbal*,
  556 U.S. 662 (2009)..................................................................................................9

*Atlanta Gas Light Co.* v. *UGI Utilities, Inc.*,
  2005 WL 5660476 (M.D. Fla. Mar. 22, 2005) ........................................................8

*Ethan Allen, Inc.* v. *Georgetown Manor, Inc.*,
  647 So. 2d 812 (Fla. 1994)........................................................................................9

*Ganz* v. *Grifols Therapeutics LLC*,
  688 F. Supp. 3d 1209 (S.D. Fla. 2023) ...................................................................5

*Global Imaging Specialists, LLC* v. *SHPS, PLLC*,
  2024 WL 5372691 (S.D. Fla. Dec. 3, 2024) ............................................................7

*Griffith* v. *Toscano*,
  2026 WL 248332 (S.D. Fla. Jan. 30, 2026) ............................................................7

*Gubanova* v. *Miami Beach Owner, LLC*,
  2013 WL 6229142 (S.D. Fla. Dec. 2, 2013) ............................................................4

*Jovine* v. *Abbott Lab'ys, Inc.*,
  795 F. Supp. 2d 1331 (S.D. Fla. 2011) ...................................................................9

*Medlink Legal Sys., LLC* v. *QIMA Limited*,
  794 F. Supp. 3d 1265 (S.D. Fla. 2025) ...................................................................6

*Michael Grecco Prods., Inc.* v. *Imageselect B.V.*,
  2022 WL 18779105 (S.D. Fla. Sept. 27, 2022) .......................................................6

*Morrison* v. *Borders Bookstore (Winter Park Vill.)*,
  2011 WL 485901 (M.D. Fla. Feb. 7, 2011) ............................................................8

*N. Am. Sugar Indus., Inc.* v. *Xinjiang Goldwind Sci. & Tech. Co.*,
  124 F.4th 1322 (11th Cir. 2025) .............................................................................4

*Neurosurgical Consultants of South Florida, L.L.C.* v. *Blue Cross & Blue Shield*,
  2024 WL 5378098 (S.D. Fla. Aug. 16, 2024)..........................................................6

*Press Ganey Associates, Inc.* v. *Dye*,
  2014 WL 1116890 (N.D. Ind. March 19, 2014) ....................................................8

*Republic of Panama* v. *BCCI Holdings (Luxembourg) S.A.*,
 119 F.3d 935 (11th Cir. 1997) ..................................................................................................4

*U.S. Bank Nat. Ass'n* v. *Capparelli*,
 2014 WL 2807648 (S.D. Fla. June 20, 2014) ............................................................................7

*United States* v. *Bestfoods*,
 524 U.S. 51 (1998) ..............................................................................................................6, 7, 8

*Waite* v. *All Acquisition Corp.*,
 901 F.3d 1307 (11th Cir. 2018) ..................................................................................................5

*Walden* v. *Fiore*,
 571 U.S. 277 (2014) ................................................................................................................6, 7

**Statutes**

Fla. Stat. § 48.193(1)(a) .................................................................................................................5, 6

Fla. Stat. § 48.193(2) ..........................................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 12(b)(2) ..................................................................................................................1, 7

Fed. R. Civ. P. 12(b)(6) .......................................................................................................................1

In addition to the reasons for dismissal stated in Defendants' Common Motion to Dismiss the Complaint (the "Common Motion"), Bausch Health Companies Inc. ("Bausch Health") moves to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff Steven Miller's Complaint alleges a legally baseless theory of liability against Bausch Health. He seeks to haul a Canadian company with no connection to the State of Florida into federal court in this District, to answer for purported racial discrimination in contracting by his employer (Icahn Capital) and alleged tortious interference with his employment agreement with Icahn Capital, based on alleged conduct that he *admits* did not involve Bausch Health. Although none of the allegations have anything to do with Bausch Health, Miller says that Bausch Health is partially responsible for wildly speculative damages based on the absurd theory that *if* he alone had been appointed a Bausch + Lomb director by Icahn Capital in June 2022, Bausch + Lomb would not have suffered "disastrous" financial consequences, even though Miller admittedly worked closely with two of his Icahn Capital peers who were on the board of directors of Bausch + Lomb. For the reasons stated here, and in the Common Motion, the Court should dismiss all claims against Bausch Health with prejudice.

## FACTUAL BACKGROUND[1]

Bausch Health "is incorporated under the provincial laws of British Columbia, Canada." (Compl. ¶ 37.) As described in the declaration of Jeremy Lipshy (Bausch Health, Senior Vice President, Tax) attached hereto as Exhibit A, Bausch Health has its headquarters in Quebec,

---

[1] Bausch Health respectfully refers the Court to the Common Motion for a supplemental statement of the factual background. Defined terms that are not otherwise defined herein shall have the definitions set forth in the Common Motion.

Canada and does not have any operations, offices, places of business, or employees in Florida (Lipshy Decl. ¶¶ 4–5). Moreover, there are not only no allegations to the contrary in the Complaint, there are no allegations connecting Bausch Health and the State of Florida.

Miller does not plead specific allegations that Bausch Health was involved in any of the alleged conduct relating to his non-nomination to the Bausch + Lomb Board or the execution of an allegedly discriminatory Side Letter that supposedly blocked that nomination. Instead, Miller admits that the core of his complaint is that "*Bausch + Lomb*[] entered into a written agreement allowing its major investor, Icahn Capital, to appoint two new members to its board of directors, provided one such director must be 'Diverse.'" (Compl. ¶ 1 (emphasis added).) Miller alleges that after the IPO, "*the Icahn Group* negotiated to exercise its rights to appoint two directors to the Bausch + Lomb board." (Compl. ¶ 140 (emphasis added).) Miller also takes issue with actions taken by Christina Ackermann in her role as "Bausch + Lomb's general counsel" (Compl. ¶¶ 2, 11, 41), and by Thomas Ross in his role as a member of the "board of Bausch + Lomb." (Compl. ¶ 40.)[2] The Complaint acknowledges that by negotiating the Side Letter with Icahn Capital, Ackermann was "act[ing] in furtherance of Bausch + Lomb's . . . goals" (Compl. ¶ 354(b)), and that Ross's concern that the Bausch + Lomb Board would not meet its diversity aspirations was the primary driver of the Side Letter. (Compl. ¶¶ 98–9, 118.)

---

[2] As explained in the Common Motion, Ackermann was Bausch + Lomb's General Counsel and served in that role since at least December 14, 2021. (Compl. ¶ 100). She also served as Bausch + Lomb's President of Ophthalmic Pharmaceuticals from May 2022 until April 28, 2023. (*Id*. ¶ 41.) Ackermann was General Counsel for Bausch Health between August 2016 and May 2022. (*Id*.) Ross has been a Bausch + Lomb director since April 2022 (prior to its IPO), and served as Chairman of the Board from July 19, 2022 to March 6, 2023, and as Lead Independent Director from May 2022 to July 18, 2022, and from March 6, 2023 to the present. (*Id*. ¶ 40.) Ross separately served on the Board of Bausch Health from March 2016 to May 14, 2024. (*Id*.)

The Complaint also admits that the alleged Side Letter—which does not reference Bausch Health—was executed by Ackermann, as "Executive Vice President and General Counsel" of Bausch + Lomb, and by representatives of the Icahn Group (Ex. 2 to the Common Motion), and that "[i]nstead of Plaintiff, Icahn Capital appointed Gaoxiang 'Gary' Hu" to the board of Bausch + Lomb because of his Chinese background. (Compl. ¶ 16.) When Miller purportedly became concerned about Hu's allegedly race-based nomination, he "sent a written complaint to Brett Icahn and Icahn Capital's general counsel," *not* to Bausch Health, even though Miller was serving as a board member of Bausch Health at the time. (Compl. ¶¶ 8, 22.) Indeed, the Complaint contains no specific allegations of misconduct by Bausch Health or by anyone acting on its behalf with respect to Hu's or anyone else's selection to the Bausch + Lomb Board.

Miller's allegations in support of his tortious interference claim against Bausch Health are similarly flawed. That claim rests on the conclusory assertion that "Bausch Health[] intentionally interfered with Plaintiff's Employment Agreement with Icahn Capital" (Compl. ¶ 433), even though there is no plausible allegation that Bausch Health knew of that agreement. Miller's pleading on that essential knowledge element is limited to (1) speculative claims that Bausch Health was "advised by outside activist-defense bankers and law firms" (Compl. ¶ 437), or "knew generally about the profits-based compensation arrangements of activist hedge funds" (*id.*); and (2) the allegation that Miller made a narrow, vague disclosure to Bausch Health in a D&O questionnaire that his "compensation may be affected by the performance of the Icahn entities' investment in the Company." (Compl. ¶ 82.) Miller pleads in this way because there is no basis for him to credibly allege that Bausch Health had actual knowledge of his Icahn Capital employment agreement. Instead, Miller baldly asserts, without support, that Bausch Health somehow "induced Icahn Capital to breach the Employment Agreement" (Compl. ¶ 440) by

"demand[ing] and obtain[ing] [a] racially discriminatory covenant from Icahn Capital in the Side Letter" (Compl. ¶ 439), which, as explained above, had nothing to do with Bausch Health.

## ARGUMENT

**I.   This Court Lacks Personal Jurisdiction Over Bausch Health.**

Applying black-letter law, Bausch Health is not subject to personal jurisdiction in this District.[3]  As a preliminary matter, "a plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction."  *N. Am. Sugar Indus., Inc.* v. *Xinjiang Goldwind Sci. & Tech. Co.*, 124 F.4th 1322, 1333 (11th Cir. 2025).  Miller has made no such showing.

As explained below, Miller fails to meet his burden of satisfying Florida's two-step inquiry to establish personal jurisdiction, in which "the court [first] determines whether the Florida long-arm statute provides a basis for jurisdiction.  If so, the court then evaluates whether sufficient minimum contacts exist between the defendants and the forum state so as to satisfy 'traditional notions of fair play and substantial justice.'"  *Gubanova* v. *Miami Beach Owner, LLC*, 2013 WL 6229142, at *3 (S.D. Fla. Dec. 2, 2013) (citations omitted).  Florida's long-arm statute authorizes general personal jurisdiction over a defendant only where, unlike here, it "engaged in substantial and not isolated activity within th[e] state," which the Complaint never alleges.  Fla. Stat. § 48.193(2).  The long-arm statute authorizes specific personal jurisdiction only where the "cause of action aris[es] from" a defendant's acts in Florida, which also has no support in the Complaint.  Fla. Stat. § 48.193(1)(a).

Bausch Health cannot be subject to general jurisdiction in Florida, because it is a

---

[3] "As a general rule, courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims.  A defendant that is not subject to the jurisdiction of the court cannot be bound by its rulings."  *Republic of Panama* v. *BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997) (citations omitted).

Canadian company that is not incorporated in Florida and does not maintain any place of business in Florida. (Compl. ¶ 37; Lipshy Decl. ¶ 4.). The Complaint contains no allegations to suggest that Bausch Health's "contacts with the State are so constant and pervasive as to render [it] essentially at home in the forum State." *Ganz* v. *Grifols Therapeutics LLC*, 688 F. Supp. 3d 1209, 1218 (S.D. Fla. 2023) (internal quotations and citations omitted); *see also Waite* v. *All Acquisition Corp.*, 901 F.3d 1307, 1311 (11th Cir. 2018) (no general jurisdiction where "there is no evidence that [defendant] is at home in Florida."). The Complaint thus fails to establish general personal jurisdiction over Bausch Health in Florida.

There is similarly no specific jurisdiction over Bausch Health because (1) Miller's claims do not arise from any contacts between Bausch Health and Florida, Fla. Stat. § 48.193(1)(a); and (2) Miller cannot impute the alleged conduct of other defendants to Bausch Health.

*First*, neither of the two causes of action asserted against Bausch Health implicate any contact with Florida. Miller's Section 1981 claim revolves around the allegation that Icahn Capital failed to nominate Miller to the board of a different company, Bausch + Lomb, without Bausch Health's involvement. (*See supra* at 3.) As for Miller's tortious interference claim, again, the Complaint does not make a single allegation connecting any Bausch Health action in Florida with any interference with his Icahn Capital employment agreement, or that it even had knowledge of that employment agreement. (*See id.*) These pleading failures mandate dismissal of Bausch Health.[4]

---

[4] *See, e.g.*, *Medlink Legal Sys., LLC* v. *QIMA Ltd.*, 794 F. Supp. 3d 1265, 1280 (S.D. Fla. 2025) (no specific jurisdiction over nonresident parent company where complaint did not allege parent company "had any contacts with Florida"); *Neurosurgical Consultants of South Florida, L.L.C.* v. *Blue Cross & Blue Shield*, 2024 WL 5378098, at *6 (S.D. Fla. Aug. 16, 2024) ("Plaintiff's bare assertion that BCBSRI breached a contract does not provide facts sufficient for this court to determine that it has specific jurisdiction."); *Michael Grecco Prods., Inc.* v. *Imageselect B.V.*, 2022

*Second*, there is no basis to assert specific jurisdiction over Bausch Health in Florida based on the conduct of Christina Ackermann and Thomas Ross as alleged in the Complaint. As the Supreme Court has held: "Since courts generally presume that the directors are wearing their 'subsidiary hats' and not their 'parent hats' when acting for the subsidiary . . . it cannot be enough to establish liability [against the parent] that dual officers and directors made policy decisions and supervised activities [of the subsidiary]." *United States* v. *Bestfoods*, 524 U.S. 51, 69–70 (1998) (internal citations, quotations and alterations omitted).

Bausch Health also lacks sufficient minimum contacts with Florida to satisfy constitutional due process requirements necessary to compel it to appear in court in this District, regardless of whether it falls within the ambit of Florida's long-arm statute. The minimum contacts analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden* v. *Fiore*, 571 U.S. 277, 285 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* Given the lack of any nexus between Bausch Health's alleged conduct and the causes of action asserted, "the exercise of jurisdiction here does not comport with traditional notions of fair play and substantial justice." *Griffith* v. *Toscano*, 2026 WL 248332, at *8 (S.D. Fla. Jan. 30, 2026) (dismissing for lack of personal jurisdiction); *see also Global Imaging Specialists, LLC* v. *SHPS, PLLC*, 2024 WL 5372691, at *9 (S.D. Fla. Dec. 3, 2024) (where "there is no evidence

---

WL 18779105, at *5 (S.D. Fla. Sept. 27, 2022) (no specific jurisdiction where plaintiff did not "establish that the defendant conducted or carried on a business in Florida").

Defendant entered Florida, had an office in Florida, or provided services in Florida" the exercise of specific jurisdiction "would violate the principles of fair play and substantial justice").

For these reasons, Bausch Health should be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## II. Miller Has Failed to Plead Cognizable Section 1981 and Tortious Interference Claims Against Bausch Health.

In addition to the reasons stated in the Common Motion, Miller's claims against Bausch Health fail because the Complaint makes no allegations—none—against Bausch Health that could conceivably give rise to liability against it.

### A. Bausch Health Is Not Vicariously Liable for Other Defendants' Alleged Conduct.

As a matter of law, Bausch Health is not vicariously liable for any actions taken by Ackermann or Ross on behalf of Bausch + Lomb, and allegations about actions taken by "the defendants," generally, are insufficient to state claims against Bausch Health specifically. *See, e.g.*, *U.S. Bank Nat. Ass'n* v. *Capparelli*, 2014 WL 2807648, at *6 (S.D. Fla. June 20, 2014) (requiring plaintiff to "state exactly what constitutes the basis for liability against each [defendant]"). The Complaint alleges Ackermann and Ross were acting at all relevant times in their Bausch + Lomb capacities (*see supra* at 2–3), and although Ackermann and Ross also had roles at Bausch Health, "courts generally presume that the directors are wearing their 'subsidiary hats' and not their 'parent hats' when acting for the subsidiary." *Bestfoods*, 524 U.S. at 69–70 (internal quotations, citations, and alterations omitted). "The presumption that an act is taken on behalf of the corporation for whom the officer claims to act is strongest when the act is perfectly consistent with the norms of corporate behavior." *Id.* at 70 n.13. Miller alleges no facts to overcome that presumption. In fact, his allegations with respect to Bausch + Lomb board member

selection are exactly the kinds of "act[s] taken on behalf of the corporation for whom the officer claims to act" that are "perfectly consistent with the norms of corporate behavior." *Bestfoods*, 524 U.S. at 69; *see also Atlanta Gas Light Co.* v. *UGI Utilities, Inc.*, 2005 WL 5660476, at *8 (M.D. Fla. Mar. 22, 2005) (finding plaintiffs did not overcome *Bestfoods* presumption where "there has simply been no showing that dual position-holders acted in any capacity other than Board members or employees of [subsidiary]").

### B. Bausch Health Cannot Be Liable for Racial Discrimination in Contracting for Contracts to Which It Was Not a Party.

The Complaint does not state a Section 1981 claim for racial discrimination in contracting against Bausch Health, because it was not a party to the alleged discriminatory contract—the Side Letter. *See Press Ganey Associates, Inc.* v. *Dye*, 2014 WL 1116890, at *10 (N.D. Ind. March 19, 2014) (plaintiff "lack[ed] the necessary contractual relationship with [defendant] to support liability under Section 1981" where defendant was not a party to the contracts at issue). Thus, based on the allegations in the Complaint, Bausch Health cannot be liable for Plaintiff's Section 1981 claim as a matter of law. *See Morrison* v. *Borders Bookstore (Winter Park Vill.)*, 2011 WL 485901, at *3 (M.D. Fla. Feb. 7, 2011) (plaintiff "fail[ed] to sufficiently plead a Section 1981 claim because she allege[d] no facts indicating that she formed or attempted to form a contractual relationship with [Defendant].").

### C. There Is No Valid Tortious Interference Claim Against Bausch Health.

The Complaint fails to plead that Bausch Health had "knowledge of the relationship," and "intentional[ly] and unjustifi[ably] interfer[ed] with the relationship," between Miller and the Icahn Group, as is required to state a claim for tortious interference. *Ethan Allen, Inc.* v. *Georgetown Manor, Inc.*, 647 So. 2d 812, 814 (Fla. 1994) (internal quotations, citations, and alterations omitted). To survive dismissal, "[f]actual allegations must be enough to raise a

right to relief above the speculative level." *Jovine* v. *Abbott Lab'ys, Inc.*, 795 F. Supp. 2d 1331, 1336 (S.D. Fla. 2011).  It is not enough that the Complaint vaguely speculates that Bausch Health knew of the terms of Miller's Icahn Capital employment agreement via alleged non-specific knowledge gleaned from "outside activist-defense bankers and law firms" (Compl. ¶ 437), or a D&O questionnaire response that Miller's "compensation may be affected by the performance of the Icahn entities' investment in the Company." (Compl. ¶ 82.)  These are exactly the kinds of "[t]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements" that courts routinely (and properly) throw out.  *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009).

## REQUEST FOR HEARING

Bausch Health respectfully requests that oral arguments on this motion and the Common Motion be heard.  A hearing on Bausch Health's arguments is expected to take forty minutes or less, and would be helpful to the Court given the length of the 456-paragraph Complaint, numerous counts against multiple parties, and various corporate structures implicated by the Complaint.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Miller's claims against Bausch Health for lack of personal jurisdiction and for failure to state a claim with prejudice.

Dated:  March 6, 2026	Respectfully submitted,

/s/ *Samuel A. Danon*
Samuel A. Danon (FBN 892671)
HUNTON ANDREWS KURTH LLP
333 SE 2nd Avenue, Suite 2400
Miami, Florida  33131
(305) 810-2500
sdanon@hunton.com

Robert J. Giuffra, Jr. (*pro hac vice*)
Ann-Elizabeth Ostrager (*pro hac vice*)
William S. Wolfe (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000
guiffrar@sullcrom.com
ostragerae@sullcrom.com
wolfew@sullcrom.com

Brandon T. Wallace (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Floor 21
Los Angeles, CA  90067
(310) 712-6694
wallaceb@sullcrom.com

*Attorneys for Defendant Bausch Health Companies Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Clerk of Court and served upon all counsel of record via the Court's ECF System.

Dated: March 6, 2026

                                                */s/ Samuel A. Danon*
                                                Samuel A. Danon (FBN 892671)
                                                HUNTON ANDREWS KURTH LLP
                                                333 SE 2nd Avenue, Suite 2400
                                                Miami, Florida  33131
                                                (305) 810-2500
                                                sdanon@hunton.com