# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

|  |  |
|---|---|
| **STEVEN D. MILLER**,<br><br>    *Plaintiff*,<br><br>v.<br><br>**BAUSCH HEALTH COMPANIES INC.;<br>BAUSCH + LOMB CORPORATION;<br>THOMAS ROSS; CHRISTINA<br>ACKERMANN; GAOXIANG HU;<br>ICAHN ENTERPRISES L.P.; ICAHN<br>ENTERPRISES G.P. INC.; ICAHN<br>CAPITAL, LP; CARL ICAHN; BRETT<br>ICAHN**,<br><br>    *Defendants*. | Case No. 1:25-cv-25893-BB |

**DEFENDANTS BAUSCH + LOMB CORPORATION, THOMAS ROSS, AND
CHRISTINA ACKERMANN'S REPLY IN SUPPORT OF THEIR MOTION TO
<u>DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION</u>**

**TABLE OF CONTENTS**

Page

INTRODUCTION ...................................................................................................................... 1

I.      The Corporate Shield Doctrine Prevents the Court From Exercising Personal
        Jurisdiction Over Ackermann and Ross.............................................................................. 1

        A.      Section 1981 Is Not an Exception to the Corporate Shield Doctrine. .................... 1

        B.      Miller Has Not Adequately Plead That Ackermann and Ross Acted for
                Their Own Personal Benefit..................................................................................... 2

II.     Bausch + Lomb, Ackermann, and Ross Lack Minimum Contacts...................................... 4

CONCLUSION.......................................................................................................................... 5

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Amalgamated Transit Union Loc. 788,*
554 F.2d 876 (8th Cir. 1977) ...................................................................................................1

*Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd,*
722 F. App'x 870 (11th Cir. 2018) .........................................................................................4

*Banks v. Chesapeake & Potomac Telephone Co.,*
802 F.2d 1416 (D.C. Cir. 1986) .............................................................................................2

*Calder v. Jones,*
465 U.S. 783 (1984).................................................................................................................4

*CJS Sols. Grp., LLC v. Tokarz,*
2021 WL 848159 (M.D. Fla. Mar. 5, 2021) ...........................................................................4

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media,*
589 U.S. 327 (2020).................................................................................................................2

*Doe v. Thompson,*
620 So. 2d 1004 (Fla. 1993).................................................................................................1, 3

*Future Tech. Today, Inc. v. OSF Healthcare Sys.,*
218 F.3d 1247 (11th Cir. 2000) ..............................................................................................4

*Guzman v. Cruise Yacht Op Co. Ltd,*
2023 WL 2572220 (S.D. Fla. Mar. 20, 2023)......................................................................3, 5

*Harris v. Bd. of Educ. of Columbus, Ohio, City Sch. Dist.,*
798 F. Supp. 1331 (S.D. Ohio 1992) ......................................................................................2

*McAlester v. United Air Lines, Inc.,*
851 F.2d 1249 (10th Cir. 1988) ..............................................................................................1

*MPS Monitor S.R.L. v. Oberon Americas, Inc.,*
2025 WL 807343 (M.D. Fla. Mar. 13, 2025) .........................................................................3

*MX Advisors, Inc. v. Edge AJG, LLC,*
2025 WL 4670522 (S.D. Fla. Jan. 10, 2025)..........................................................................3

*Next Century Communications Corp. v. Ellis,*
318 F.3d 1023 (11th Cir. 2003) ..............................................................................................3

ii

*VIS Holdings Corp. v. Cooper*,
   2007 WL 9702900 (S.D. Fla. Dec. 11, 2007) ...................................................................1, 2, 3

*Walden v. Fiore*,
   571 U.S. 277 (2014).........................................................................................................1, 4, 5

**INTRODUCTION**

Miller's opposition fails to establish personal jurisdiction over B+L, Tom Ross, or Christina Ackermann.  Florida's corporate shield doctrine bars jurisdiction over Ackermann and Ross because Miller has not alleged that either acted for their own personal benefit, and he has not alleged a basis to overcome the shield.  But even setting the corporate shield aside, Miller cannot show that any of these Defendants have sufficient minimum contacts with Florida.  Under *Walden v. Fiore*, the constitutional inquiry is whether a defendant's conduct expressly connects it to the forum—not simply whether the plaintiff felt the effects in the forum.  For these reasons, all claims against B+L, Ackermann, and Ross should be dismissed.

**I.     THE CORPORATE SHIELD DOCTRINE PREVENTS THE COURT FROM EXERCISING PERSONAL JURISDICTION OVER ACKERMANN AND ROSS.**

**A.     Section 1981 Is Not an Exception to the Corporate Shield Doctrine.[1]**

Miller contends that, to the extent his Section 1981 claim is adequately pled, that claim brings Ackermann and Ross outside the corporate shield doctrine's protection.  But his argument misstates the applicable standard.  The corporate shield doctrine is overcome only where the plaintiff alleges that a corporate officer committed an *intentional* tort—not merely any tort.  *See Doe v. Thompson*, 620 So. 2d 1004, 1006 n.1 (Fla. 1993); *VIS Holdings Corp. v. Cooper*, 2007 WL 9702900, at *5 (S.D. Fla. Dec. 11, 2007).  Even if Section 1981 claims sound in tort,[2] they are not intentional torts, and Miller's argument therefore fails.

---

[1]   Unless otherwise noted, citations marked by "¶" refer to Miller's Complaint, ECF No. 1; "Opp." refers to Miller's Opposition Brief, ECF No. 83; and "MTD" refers to Defendants Common Motion to Dismiss, ECF No. 81.

[2]   Federal courts have also been anything *but* uniform in construing Section 1981 claims. *Compare Allen v. Amalgamated Transit Union Loc. 788*, 554 F.2d 876, 880 (8th Cir. 1977) (observing that Section 1981 is most analogous to breach of contract claim), *with McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1255 (10th Cir. 1988) (construing like a tort).

Courts that have squarely addressed the question have concluded that Section 1981 claims are not intentional torts. *See Banks v. Chesapeake & Potomac Telephone Co.*, 802 F.2d 1416, 1428 (D.C. Cir. 1986) (observing that Section 1981 claims may be "personal injury claims," but not "intentional tort claims"); *see also Harris v. Bd. of Educ. of Columbus, Ohio, City Sch. Dist.*, 798 F. Supp. 1331, 1342 (S.D. Ohio 1992) (applying the state statute of limitations for personal injury torts—not intentional torts—to Section 1981 claims).[3]

### B. Miller Has Not Adequately Plead That Ackermann and Ross Acted for Their Own Personal Benefit.

Even if Miller adequately pleaded that Ackermann or Ross committed an intentional tort, the corporate shield doctrine still bars this court from exercising personal jurisdiction over them. To pierce the corporate shield in Florida, a plaintiff must allege that the individual defendant committed an intentional tort for his or her own personal benefit. *See, e.g.*, *VIS Holdings*, 2007 WL 9702900, at *8. Miller has failed to do so.

Miller argues that Florida courts do not actually impose a "personal benefit" requirement.[4] Opp. at 31. That is wrong. Numerous courts throughout Florida have required plaintiffs to allege that a corporate officer acted for his or her own personal benefit before

---

Miller also mischaracterizes *Comcast*; it does not hold that Section 1981 is construed as a tort. *See* Opp. at 30. It merely held the tort-based but-for causation test supplies the default rule against which Congress legislates when creating new causes of action, like Section 1981. *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 332 (2020).

3  Separately, Miller's tortious interference claim fails as a matter of law. *See* MTD at 18-19; Common Reply Sec. II. It cannot be used as a basis to pierce the corporate shield and confer jurisdiction over Ackermann or Ross.

4  Miller also seems to misunderstand Defendants' point. He claims that none of the cases cited in *VIS Holdings* held that "personal benefit" is a required element of a tortious interference claim. Opp. at 31. True, but beside the point. The question is not whether Miller stated a tortious interference claim (he does not). It is whether, *beyond* stating a tortious interference claim, he *also* adequately alleges the "personal benefit" needed to overcome the corporate shield doctrine. As explained, he does not.

2

permitting the corporate shield to be pierced. *See, e.g.*, *VIS Holdings*, 2007 WL 9702900, at *8; *see also Guzman v. Cruise Yacht Op Co. Ltd*, 2023 WL 2572220, at *3 (S.D. Fla. Mar. 20, 2023) (observing that Florida courts generally require the plaintiff to allege "personal benefit"); *Doe v. Thompson*, 620 So. 2d 1004, 1006 (Fla. 1993) (corporate shield doctrine prevents jurisdiction where individual's only contacts were acts performed "not for his own benefit") (citations omitted). Miller fails to cite a single case that rejects the personal benefit test.

Miller alternatively contends that he has alleged personal benefit, but he has not. He alleges that Ackermann acted for her personal benefit because (1) "she considered it expedient to her career to take direction from Tom Ross" and (2) she acted "separately . . . in furtherance of Bausch + Lomb's purported ESG goals." ¶354(b). The first allegation is conclusory and unsupported by any other factual matter in the Complaint; the Court should not credit it. *Next Century Communications Corp. v. Ellis*, 318 F.3d 1023, 1025 (11th Cir. 2003). The second allegation, on its own terms, demonstrates that Ackermann was acting in furtherance of B+L's corporate goals, not her own personal benefit. Anyway, these allegations—which, at best, allege that Ackermann sought *corporate* benefits—do not overcome the corporate shield, *see MPS Monitor S.R.L. v. Oberon Americas, Inc.*, 2025 WL 807343, at *4–5 (M.D. Fla. Mar. 13, 2025) (holding "trickle down" corporate benefits to defendant did not show a "personal benefit"), and come nowhere close to the conduct that courts have found trigger the exception. *E.g.*, *MX Advisors, Inc. v. Edge AJG, LLC*, 2025 WL 4670522, at *8–9 (S.D. Fla. Jan. 10, 2025) (finding personal benefit where defendants tried to "usurp [company's] business opportunities and steal [its] clients, goodwill, and intellectual property for their own benefit and . . . own enrichment").

As to Ross, not only does Miller's opposition omit any argument that Ross acted for his own personal benefit, Opp. at 31-32, but Miller agrees to dismiss the unjust enrichment claim

3

that he pleads against Ross, *id.* 2 n.2, which was the only possible theory that could have supported a personal benefit claim. *See* B+L, Ackermann, and Ross MTD, ECF No. 80, at 4 n.3. Because Miller has failed to adequately allege that either Ackermann or Ross acted for their own personal benefit, the corporate shield doctrine applies. Both must be dismissed.

## II.   BAUSCH + LOMB, ACKERMANN, AND ROSS LACK MINIMUM CONTACTS.

B+L, Ackermann, and Ross's lack of "minimum contacts" with Florida provides another independent basis to dismiss. *Future Tech. Today, Inc. v. OSF Healthcare Sys.*, 218 F.3d 1247, 1250 (11th Cir. 2000). Relying on *Calder v. Jones*, Miller argues this Court has personal jurisdiction over Bausch Health, B+L, Ackermann, and Ross (collectively, the "Bausch Defendants"). Opp. at 32-34. But his reliance on *Calder* ignores *Walden v. Fiore*, 571 U.S. 277 (2014), which severely limited *Calder*'s effects test.[5] Under *Walden*, Miller has not alleged that B+L, Ackermann, or Ross has sufficient minimum contacts with Florida.

*Walden* clarifies the relevant inquiry under the effects test: it is not where the plaintiff felt the effects of a defendant's conduct, but whether that conduct "connects [the defendant] to the forum in a meaningful way." *Id.* at 290. Put differently, "[t]he plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285. Miller misapplies this standard, improperly centering his analysis on the state in which he experienced the alleged harm. *See* Opp. at 33-34.

Instead, Miller must show that B+L, Ackermann, or Ross "expressly aimed" their conduct at Florida. *Aviation One of Fla., Inc. v. Airborne Ins. Consultants (PTY), Ltd*, 722 F. App'x 870, 882 (11th Cir. 2018) (applying effects test post-*Walden*). As alleged, they did not.

All the relevant conduct occurred outside of Florida. Miller's interference claim rests on the negotiation, drafting, and execution of the Side Letter—all of which occurred entirely outside

---

[5]   Post-*Walden*, a plaintiff seeking to apply *Calder*'s effects test must allege more than a "defendant committed an intentional tort that caused harm to a plaintiff . . . in the forum state." *CJS Sols. Grp., LLC v. Tokarz*, 2021 WL 848159, at *10 (M.D. Fla. Mar. 5, 2021).

Florida.  That these defendants may have communicated about the Side Letter with individuals located in Florida does not transform out-of-state conduct into acts directed at the forum.  *See Guzman*, 2023 WL 2572220, at *4 (observing that communications sent to Florida residents in the course of an out-of-state transaction are insufficient to establish personal jurisdiction).

The Complaint's own allegations foreclose that B+L, Ross, or Ackermann's conduct was expressly aimed at Miller or Florida.  As framed, the allegations describe conduct directed at securing board-level diversity at a New Jersey-based company, not at Miller or Florida.  The Diversity Policy was adopted as a corporate governance measure before Miller was under consideration for a board seat.  ¶96.  The Side Letter likewise did not single out Miller; it required only that "one of the two individuals designated by" Icahn Capital qualify as diverse. ¶¶115, 120.  Also, Miller's own allegations claim that Defendants' alleged motivation was not to harm him but to comply with ISS proxy voting guidelines.  *See, e.g.*, ¶323.  And critically, the decision not to appoint Miller was made internally by Icahn Capital.  ¶¶141, 145.  In short, the allegations in the Complaint, on its own terms, do not suggest that Defendants' conduct was expressly directed at Miller or Florida.  Any effect on Miller was, by the Complaint's own account, incidental; Miller thus fails to allege the "express" conduct necessary to establish jurisdiction over these Defendants. As he is the only link between B+L, Ackermann, and Ross's conduct and Florida, his allegations fail to satisfy the effects test.  *See Walden*, 571 U.S. at 285.[6]

### CONCLUSION

For these reasons, this Court lacks personal jurisdiction over B+L, Ross, and Ackermann.

---

[6]   B+L, Ackermann, and Ross also lack minimum contacts under the traditional "minimum contacts" test.  *See* B+L, Ackermann, and Ross's MTD, ECF No. 80, at 5-6.  Miller concedes this as he failed to address it in his Opposition.  Opp. at 34.

Dated: May 8, 2026

Respectfully submitted,

/s/ *Brandon S. Floch*

Jeffrey A. Neiman
Florida Bar No. 544469
Brandon S. Floch
Florida Bar No. 125218
Christopher D. Joyce
Florida Bar No. 1020006
NEIMAN MAYS FLOCH & ALMEIDA, PLLC
550 S. Andrews Avenue, Suite 720
Fort Lauderdale, Florida 33301
Phone: (954) 462-1200
jneiman@nmfalawfirm.com
bfloch@nmfalawfirm.com
cjoyce@nmfalawfirm.com

Jay P. Lefkowitz, P.C. (*pro hac vice*)
Gilad Bendheim (*pro hac vice*)
Joseph Resnick (*pro hac vice*)
Alexander Rabinowitz (*pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Phone: (212) 446-4800
lefkowitz@kirkland.com
gilad.bendheim@kirkland.com
joey.resnick@kirkland.com
alexander.rabinowitz@kirkland.com

*Counsel for Bausch + Lomb Corporation,*
*Christina Ackermann, and Thomas Ross*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, the within document was served on all counsel of record in this case.

Dated: May 8, 2026

/s/ *Brandon S. Floch*
Brandon S. Floch

*Counsel for Bausch + Lomb Corporation,*
*Christina Ackermann, and Thomas Ross*