**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

STEVEN D. MILLER,

        Plaintiff,

        v.

BAUSCH HEALTH COMPANIES INC.;
BAUSCH + LOMB CORPORATION;
THOMAS ROSS; CHRISTINA
ACKERMANN; GAOXIANG HU; ICAHN
ENTERPRISES L.P.; ICAHN
ENTERPRISES G.P. INC.; ICAHN
CAPITAL LP; CARL ICAHN; BRETT
ICAHN,

        Defendants.

1:25-CV-25893-Bloom/Elfenbein

**ORAL ARGUMENT
REQUESTED**

**REPLY IN SUPPORT OF BAUSCH HEALTH COMPANIES INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND FAILURE TO STATE A CLAIM**

Samuel A. Danon (FBN 892671)
HUNTON ANDREWS KURTH LLP
333 SE 2nd Avenue, Suite 2400
Miami, Florida  33131
(305) 810-2500
sdanon@hunton.com

Robert J. Giuffra, Jr. (*pro hac vice*)
Ann-Elizabeth Ostrager (*pro hac vice*)
William S. Wolfe (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
(212) 558-4000
giuffrar@sullcrom.com
ostragerae@sullcrom.com
wolfew@sullcrom.com

Brandon T. Wallace (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Floor 21
Los Angeles, California  90067
(310) 712-6694
wallaceb@sullcrom.com

May 8, 2026

## TABLE OF CONTENTS

*Page(s)*

**ARGUMENT**................................................................................................................1

I.     Plaintiff Fails to Articulate Any Basis for this Court's Exercise of Personal Jurisdiction Over Bausch Health. ................................................................................1

       A.    The Complaint Impermissibly Relies on Generalized and Conclusory Jurisdictional Allegations Against Bausch Health...................................................1

       B.    The Complaint Does Not Support Plaintiff's Vicarious Liability Theory of Personal Jurisdiction. ................................................................................2

II.    Plaintiff Does Not Identify Any Well-Pleaded Allegations Supporting a Section 1981 or Tortious Interference Claim Against Bausch Health.................................4

# TABLE OF AUTHORITIES

*Page*(s)

**Cases**

*Bastidas* v. *Good Samaritan Hosp.*,
2014 WL 3362214 (N.D. Cal. July 7, 2014)................................................................3

*Calder* v. *Jones*,
465 U.S. 783 (1984)........................................................................................2

*Chicago Title Ins. Co.* v. *Alday-Donalson Title Co. of Fla.*,
832 So. 2d 810 (Fla. 2nd DCA 2002) ...........................................................5

*Duty Free Americas, Inc.* v. *Estee Lauder Companies, Inc.*,
797 F.3d 1248 (11th Cir. 2015) .....................................................................5

*Ethan Allen, Inc.* v. *Georgetown Manor, Inc.*,
647 So. 2d 812 (Fla. 1994)..............................................................................5

*Lee-Bolton* v. *Koppers Inc.*,
2013 WL 11522040 (N.D. Fla. Sept. 9, 2013)...............................................4

*McKenzie* v. *Davenport-Harris Funeral Home*,
834 F.2d 930 (11th Cir. 1987) .......................................................................3

*Neelu Aviation, LLC* v. *Boca Aircraft Maint., LLC*,
2019 WL 3532024 (S.D. Fla. Aug. 2, 2019)...................................................2

*Paramount Transportation Logistics Servs., LLC* v. *Traffic Tech, Inc.*,
2022 WL 861584 (M.D. Fla. Mar. 23, 2022) .................................................5

*In re Takata Airbag Prods. Liab. Litig.*,
396 F. Supp. 3d 1101 (S.D. Fla. 2019) ..........................................................2

*United States* v. *Bestfoods*,
524 U.S. 51 (1998)........................................................................................2, 3

*United Subcontractors, Inc.* v. *Godwin*,
2012 WL 13019530 (S.D. Fla. Jan. 30, 2012) ...............................................4

*Waite* v. *All Acquisition Corp.*,
901 F.3d 1307 (11th Cir. 2018)  ....................................................................1

*Walden* v. *Fiore*,
571 U.S. 277 (2014)........................................................................................2

*Yellow Pages Photos, Inc.* v. *Ziplocal, LP*,
2012 WL 5830590 (M.D. Fla. Nov. 16, 2012) ..............................................3

Plaintiff's Opposition confirms that this Court should dismiss all of his claims against Bausch Health.  He does not identify any facts supporting this Court's exercise of personal jurisdiction over Bausch Health, which is a Canadian company that does not do business in the State of Florida.  Instead, Plaintiff impermissibly tries to impute actions of Ms. Ackermann and Mr. Ross to Bausch Health.  On the merits, he repeatedly refers to "all Defendants" and the "Bausch Defendants," instead of specifying his allegations against Bausch Health.  He does so because the Complaint does not allege any facts supporting his claims that Bausch Health violated § 1981 or tortiously interfered with Plaintiff's employment relationship.[1]

## ARGUMENT

**I.  Plaintiff Fails to Articulate Any Basis for this Court's Exercise of Personal Jurisdiction Over Bausch Health.**

Because there is no basis for asserting general personal jurisdiction over Bausch Health, which is not incorporated or headquartered in Florida, Plaintiff tries to cast the Complaint as pleading facts that support the Court's exercise of specific personal jurisdiction.  But Plaintiff fails to cite any allegation in the Complaint linking any of Bausch Health's alleged conduct to Florida, which is necessary for him to meet his burden to establish specific personal jurisdiction.  *Waite* v. *All Acquisition Corp.*, 901 F.3d 1307, 1316 (11th Cir. 2018) (affirming dismissal where plaintiff failed to plead that "defendant's actions connect [it] to the forum").

**A.  The Complaint Impermissibly Relies on Generalized and Conclusory Jurisdictional Allegations Against Bausch Health.**

Plaintiff says that the Complaint "alleges that all Defendants acted intentionally to seat Gary Hu on the Bausch + Lomb board based on his race, knowing that it would deprive Plaintiff,

---

[1]  Capitalized terms not otherwise defined herein have the same meaning as in Bausch Health Companies Inc.'s Motion to Dismiss (ECF No. 82 ("Motion")).

a Florida resident, of that same seat." (Opp. at 30.)  But this generalized and conclusory allegation does not support this Court's exercise of personal jurisdiction over Bausch Health.  "[C]ourts in the Eleventh Circuit have repeatedly declined to exercise specific jurisdiction over a nonresident defendant on the basis of generalized and conclusory allegations."  *See In re Takata Airbag Prods. Liab. Litig.*, 396 F. Supp. 3d 1101, 1142 (S.D. Fla. 2019)*.*

Plaintiff is wrong that the allegation that "Defendants all knew that enforcing the racially discriminatory side letter would cause a devastating impact to Plaintiff" in Florida is enough to establish personal jurisdiction.  (Opp. at 33.)  Plaintiff cites *Calder* v. *Jones*, 465 U.S. 783 (1984), for the proposition that "knowingly caus[ing] injury" in Florida is enough to establish personal jurisdiction over an out-of-state defendant.  (Opp. at 33.)  But the Supreme Court in *Walden*, a case that Plaintiff studiously ignores, expressly held that the "crux of *Calder*" was that the Complaint "connected the defendant's conduct to California, not just to a plaintiff who lived there."  *Walden* v. *Fiore*, 571 U.S. 277, 288 (2014).  "The proper question is not whether the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum."  *Id*. at 289-90.  Here, as in *Walden*, Plaintiff is "the only link between the defendant and the forum," *id.* at 285, so this Court's exercise of personal jurisdiction would "offend the traditional notions of fair play and substantial justice."  *Neelu Aviation, LLC* v. *Boca Aircraft Maint., LLC*, 2019 WL 3532024, at *12-13 (S.D. Fla. Aug. 2, 2019) (no personal jurisdiction where "the record is devoid" of evidence that defendant "purposely availed itself to the benefits and protections of Florida").

**B.  The Complaint Does Not Support Plaintiff's Vicarious Liability Theory of Personal Jurisdiction.**

In his Opposition, Plaintiff cannot overcome the *Bestfoods* presumption that Christina Ackermann and Thomas Ross were wearing their "subsidiary hats," *i.e.*, acting on behalf of Bausch + Lomb with respect to all relevant acts alleged in the Complaint.  *See United States* v. *Bestfoods*,

524 U.S. 51, 69 (1998).

Plaintiff misunderstands *Bestfoods* in two ways.  *First*, Plaintiff says that *Bestfoods* "does not provide a basis to resist any discovery" because it "was decided on a full record."  (Opp. at 32.)  But courts routinely grant motions to dismiss parent companies where pleadings fail to allege that directors and officers who wear hats for multiple affiliates, like Ms. Ackermann and Mr. Ross, acted specifically on behalf of the parent.  *See Yellow Pages Photos, Inc.* v. *Ziplocal, LP*, 2012 WL 5830590, at *5 (M.D. Fla. Nov. 16, 2012) ("The sharing of officers and directors, standing alone, does not impute day-to-day control to the parent corporation"); *Bastidas* v. *Good Samaritan Hosp.*, 2014 WL 3362214, at *4 (N.D. Cal. July 7, 2014) (to overcome *Bestfoods* presumption, "a plaintiff would need to allege facts demonstrating that the dual status individuals were acting in the parent's interest, and not the subsidiary's, when they engaged in the challenged conduct").

*Second*, Plaintiff erroneously suggests that *Bestfoods* is inapposite because Ms. Ackermann was an officer and not a director of both Bausch Health and Bausch + Lomb.  (Opp. at 32.)  But *Bestfoods* expressly recognizes "the well established principle of corporate law that directors *and officers* holding positions with a parent and its subsidiary can and do 'change hats' to represent the two corporations separately."  *Bestfoods*, 524 U.S. at 69 (emphasis added).[2]

Moreover, Plaintiff is wrong in claiming that Ms. Ackermann's email signature "clearly support[s] this Court's exercise of personal jurisdiction."  (Opp. at 32.)  The mere fact that Ms. Ackermann used an "@bauschhealth.com" email address cannot overcome the *Bestfoods*

---

[2]    Plaintiff cites *McKenzie* v. *Davenport-Harris Funeral Home*, 834 F.2d 930 (11th Cir. 1987), to suggest that a jury must decide "[w]hether Bausch Health and Bausch + Lomb 'should be treated as a single or joint employer.'"  (Opp. at 32.)  But *McKenzie* is not on point:  in considering whether subject-matter jurisdiction (not personal jurisdiction) existed, the Eleventh Circuit held that a jury should decide whether two employers should be treated as a "single" employer for purposes of establishing plaintiff's employer "employed 15 or more employees for each working day in 20 or more weeks."  *McKenzie*, 834 F.2d at 932-33.

presumption that she was acting on behalf of Bausch + Lomb—particularly when (i) Ms. Ackermann signed the Side Letter as "Executive Vice President, General Counsel" of Bausch + Lomb (Ex. 2 to Joint Motion, ECF No. 81-3 at 3), and (ii) the Complaint itself alleges that she "acted in furtherance of Bausch + Lomb's purported ESG goals by insisting on" the Letter. (Compl. ¶¶ 100, 354(b).) *See*, *e.g.*, *Lee-Bolton* v. *Koppers Inc.*, 2013 WL 11522040, at *2 (N.D. Fla. Sept. 9, 2013) (declining to exercise jurisdiction over parent company where allegations included that the parent "shares offices, phones, and a web site with [subsidiary and] that it has no separate email addresses for its officers"); *United Subcontractors, Inc.* v. *Godwin*, 2012 WL 13019530, at *1 (S.D. Fla. Jan. 30, 2012) ("[T]hat the various entities share officers, principals, or websites does not necessarily demonstrate that jurisdiction flows between them.").

II. **Plaintiff Does Not Identify Any Well-Pleaded Allegations Supporting a Section 1981 or Tortious Interference Claim Against Bausch Health.**

Beyond failing to plead that Bausch Health is subject to personal jurisdiction in this District, Plaintiff has not pleaded cognizable claims against Bausch Health.

*First*, the Complaint contains no factual allegations against Bausch Health supporting claims under Section 1981 or for tortious interference. (*See* Mot. at 7-9.) To try to paper over the Complaint's pleading failures, Plaintiff relies on the term "Bausch Defendants"—a phrase that appears nowhere in the Complaint—and then impermissibly claims that allegations about other Defendants apply equally to Bausch Health. (*Compare* Opp. at 2 ("[t]he Bausch Defendants' general counsel Ms. Ackermann") *with* Compl. ¶ 100 ("Bausch + Lomb's general counsel, Christina Ackermann"), *and* Opp. at 13 ("the Bausch Defendants were determined to meet ISS racial diversity guidelines") *with* Compl. ¶ 99 ("To prevent this, Bausch + Lomb would engage in intentional race discrimination and insist that the Icahn Group do so, too.")).

*Second*, none of the limited allegations that Plaintiff identifies from the Complaint meets

Federal Rule of Civil Procedure 12 pleading standards for claims against Bausch Health.  With respect to tortious interference, Plaintiff identifies only a handful of what he calls "detailed allegations" of Bausch Health's knowledge about Miller's employment agreement.  None suffices to state a claim against Bausch Health.  With respect to the "directors' and officers' questionnaire," (*see* Opp. at 28) the Complaint alleges that Miller made a narrow disclosure to Bausch Health that he was employed by Icahn, which was read by one Bausch Health employee.  (Compl. ¶ 434.) This innocuous allegation is insufficient to state a claim that Bausch Health tortiously interfered with that agreement.  The allegation that Bausch Health "knew generally about the profits-based compensation arrangements of activist hedge funds" (Compl. ¶ 437) is likewise not enough to plead tortious interference.  *See Paramount Transp. Logistics Servs., LLC* v. *Traffic Tech, Inc.*, 2022 WL 861584, at *6 (M.D. Fla. Mar. 23, 2022) ("simple knowledge of the relationship is insufficient without a specific intent to interfere with an existing business relationship").

Moreover, Plaintiff identifies no allegation that Bausch Health, which was not a party to the Side Letter, intentionally or unjustifiably interfered with his employment.  Tortious interference requires not only knowledge of a contractual or business relationship, but also "intentional and unjustified interference with the relationship."  *See Ethan Allen, Inc.* v. *Georgetown Manor, Inc.,* 647 So. 2d 812, 814 (Fla. 1994).  The Complaint fatally fails to plead such intentional and unjustified interference.  In this Circuit, courts routinely dismiss tortious interference claims "when plaintiffs have failed to adequately allege improper methods." *Duty Free Americas, Inc.* v. *Estee Lauder Companies, Inc.*, 797 F.3d 1248, 1280-81 (11th Cir. 2015).  And "even if the defendant is aware of the existing business relationship, the defendant will not be liable . . . unless there is evidence that the defendant intended to procure a breach of the contract."  *Chicago Title Ins. Co.* v. *Alday-Donalson Title Co. of Fla.*, 832 So. 2d 810, 814 (Fla. 2nd DCA 2002).

Dated:  May 8, 2026

Respectfully submitted,

/s/ Samuel A. Danon
Samuel A. Danon (FBN 892671)
HUNTON ANDREWS KURTH LLP
333 SE 2nd Avenue, Suite 2400
Miami, Florida  33131
(305) 810-2500
sdanon@hunton.com

Robert J. Giuffra, Jr. (*pro hac vice*)
Ann-Elizabeth Ostrager (*pro hac vice*)
William S. Wolfe (*pro hac vice*)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004
(212) 558-4000
giuffrar@sullcrom.com
ostragerae@sullcrom.com
wolfew@sullcrom.com

Brandon T. Wallace (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Floor 21
Los Angeles, CA  90067
(310) 712-6694
wallaceb@sullcrom.com

*Attorneys for Defendant Bausch Health
Companies Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Clerk of Court and served upon all counsel of record via the Court's ECF System.

Dated:  May 8, 2026

/s/ *Samuel A. Danon*
Samuel A. Danon (FBN 892671)
HUNTON ANDREWS KURTH LLP
333 SE 2nd Avenue, Suite 2400
Miami, Florida  33131
(305) 810-2500
sdanon@hunton.com