**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.: 1:25-cv-25893-BLOOM/Elfenbein

**STEVEN D. MILLER**,

*Plaintiff,*

v.

**BAUSCH HEALTH COMPANIES, INC.; BAUSCH + LOMB CORPORATION; THOMAS ROSS; CHRISTINA ACKERMANN; GAOXIANG HU; ICAHN ENTERPRISES L.P.; ICAHN ENTERPRISES G.P. INC.; ICAHN CAPITAL LP; CARL ICAHN; and BRETT ICAHN**,

*Defendants.*
_________________________________/

**THE ICAHN DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Icahn Capital LP ("Icahn Capital"), Icahn Enterprises L.P. ("IEP"), Icahn Enterprises G.P. Inc., Carl Icahn, and Brett Icahn (collectively, the "Defendants") deny each and every allegation in Plaintiff Steven Miller's ("Plaintiff" or "Miller") Complaint, except for those expressly admitted below. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of the Complaint. Headings that are reproduced below are included for organizational purposes only, and Defendants do not admit any matter contained in those headings. The admission of any facts in the Complaint is not a concession that those facts are relevant to any claim or defense in this litigation, and Defendants expressly reserve the right to challenge the relevance and admissibility of any fact admitted below. Defendants respond as follows to the enumerated paragraphs in the Complaint:

## NATURE OF THE ACTION

1-3. The allegations in Paragraphs 1-3 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 1-3 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

4. Defendants deny the allegations in Paragraph 4, except admit that Plaintiff's lawsuit alleges breach of contract, intentional misrepresentation, and fraudulent inducement.

5. Defendants admit the allegations in Paragraph 5.

6. Defendants deny the allegations in Paragraph 6.

7. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.

8. Defendants admit the allegations in Paragraph 8.

9. Defendants deny the allegations in Paragraph 9, except admit that Bausch + Lomb's Initial Public Offering was in May 2022.

10. Defendants admit the allegations in Paragraph 10.

11-27. The allegations in Paragraphs 11-27 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 11-27 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

28. Defendants deny the allegations in Paragraph 28, except admit that Plaintiff's lawsuit seeks recovery for breach of contract, intentional misrepresentation, and fraudulent inducement and that Carl Icahn borrowed $5.1 billion against his ownership stake in IEP.

29. Defendants deny the allegations in Paragraph 29, except admit that Plaintiff reported to Carl Icahn, among others.

30. Defendants deny the allegations in Paragraph 30.

31. Defendants deny the allegations in Paragraph 31.

32. Defendants deny the allegations in Paragraph 32.

## **JURISDICTION AND VENUE**

33. Paragraph 33 alleges jurisdiction based on federal question under 28 U.S.C. § 1331 and diversity of citizenship under 28 U.S.C. § 1332. Defendants note that the Court dismissed Plaintiff's federal claims and all remaining parties in the case are citizens of Florida. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss.

34. Defendants admit that venue is proper but deny the remaining allegations in Paragraph 34. By way of further response, Paragraph 34 contains allegations that relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss.

35. Defendants admit the allegations in Paragraph 35 for purposes of venue.

## **PARTIES**

36. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, except admit that (i) Plaintiff has been employed as a Portfolio Manager of Icahn Capital since October 1, 2020, reporting jointly to Carl Icahn and Brett Icahn; (ii) Plaintiff served on the Board of Directors of Bausch Health Companies, Inc. from

February 24, 2021, to August 14, 2025; and (iii) Plaintiff identified himself as "white" in a pre-employment questionnaire.

37-41. The allegations in Paragraphs 37-41 relate to parties who were dismissed from this lawsuit and therefore, no response to Paragraphs 37-41 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

42. Defendants deny the allegations in Paragraph 42, except admit that Mr. Hu was a Portfolio Manager of Icahn Capital from October 1, 2020, to December 2024.

43. Defendants admit the allegations in Paragraph 43.

44. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44, except admit that (i) Defendant Icahn Enterprises G.P. Inc. is the general partner of Icahn Enterprises L.P., (ii) Icahn Enterprises G.P. Inc. is formed in Delaware and headquartered in Miami-Dade County, Florida, and (iii) Icahn Enterprises G.P. Inc. has exclusive management powers over the business and affairs of Icahn Enterprises L.P.

45. Defendants admit the allegations in Paragraph 45.

46. Defendants admit the allegations in Paragraph 46.

47. Defendants admit the allegations in Paragraph 47.

48. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

## FACTUAL ALLEGATIONS

## I. PLAINTIFF'S EMPLOYMENT AT ICAHN CAPITAL

49. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49.

50. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50.

51. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51.

52. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54.

55. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55.[1]

56. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59.

60. Defendants admit the allegations in Paragraph 60.

61. Defendants admit the allegations in Paragraph 61.

---

[1] Defendants admit only that the allegations in Footnote 1 purport to characterize public records, and Defendants respectfully refer the Court to the public records for their content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the public records.

62. Defendants admit only that the allegations in Paragraph 62 purport to characterize a public record, and Defendants respectfully refer the Court to this public record for its content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the public record.

63. Defendants admit only that the allegations in Paragraph 63 purport to characterize an employment agreement, and Defendants respectfully refer the Court to the employment agreement for its content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the employment agreement.

64. Defendants admit only that the allegations in Paragraph 64 purport to characterize an employment agreement, and Defendants respectfully refer the Court to the employment agreement for its content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the employment agreement.[2]

65. Defendants deny the allegations in Paragraph 65.[3]

66. Defendants admit only that the allegations in Paragraph 66 purport to characterize employment agreements, and Defendants respectfully refer the Court to the employment agreements for their contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the employment agreements.

67. Defendants deny the allegations in Paragraph 67.

---

[2] Defendants deny the allegations contained in Footnote 2.

[3] Defendants admit only that Footnote 3 purports to characterize public records, and Defendants respectfully refer the Court to these public records for their content. Defendants deny these characterizations to the extent that they do not accurately reflect the content of the public records.

68. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68.[4]

69. Defendants admit the allegations in Paragraph 69.

**Icahn Capital's Prior Compensation Practices for Portfolio Managers**

70. Defendants deny the allegations in Paragraph 70, except admit that Icahn Capital previously entered into performance-based compensation agreements with its portfolio managers.

71. Defendants admit the allegations in the first three sentences of Paragraph 71 but deny the allegations in the last sentence of Paragraph 71.[5]

72. Defendants admit the allegations in Paragraph 72, except deny the allegations in the fourth sentence.[6]

73. Defendants deny the allegations in Paragraph 73.

74. Defendants deny the allegations in Paragraph 74.

**The Icahn Group Makes an Investment in Bausch Health**

75. Defendants deny the allegations in Paragraph 75, except admit that on December 1, 2020, Plaintiff delivered an investment memorandum to Brett Icahn describing a proposed investment in Bausch Health.

---

[4] Defendants admit only that Footnote 4 purports to characterize public records, and Defendants respectfully refer the Court to these public records for their content. Defendants deny these characterizations to the extent that they do not accurately reflect the content of the public records.

[5] Defendants deny the allegations in Footnote 5.

[6] Defendants admit the allegations in Footnote 6.

76. Defendants deny the allegations in Paragraph 76.[7]

77. Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. Defendants admit only that Paragraph 79 purports to characterize a public record, and Defendants respectfully refer the Court to the public record for its content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the public record.

**Plaintiff Is Appointed to the Board of Directors of Bausch Health**

80. Defendants admit only that Paragraph 80 purports to characterize an agreement, and Defendants respectfully refer the Court to the agreement for its content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the agreement.

81. Defendants admit the allegations in Paragraph 81.

82. Defendants admit only that Paragraph 82 purports to characterize Plaintiff's initial questionnaire submitted to Bausch Health, and Defendants respectfully refer the Court to the questionnaire for its content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the questionnaire.

83. Defendants admit only that Paragraph 83 purports to characterize Bausch Health's annual Definitive Proxy Statement filed on March 18, 2021, and Defendants respectfully refer the Court to the proxy statement for its content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the proxy statement.

[7] Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Footnote 7.

84. Defendants admit only that Paragraph 84 purports to characterize Bausch Health's presentation on or about March 29, 2021, and Defendants respectfully refer the Court to the presentation for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the presentation.

85. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85.

## II. DEFENDANTS' SCHEME BARS PLAINTIFF FROM BAUSCH + LOMB BOARD

### Bausch + Lomb Prepares for IPO

86. Defendants admit only that Paragraph 86 purports to characterize Bausch Health's press release, and Defendants respectfully refer the Court to the press release for its content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the press release.

87. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87.

88. Defendants admit only that Paragraph 88 purports to characterize Bausch + Lomb's Form S-1, and Defendants respectfully refer the Court to the Form S-1 for its content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the Form S-1.

89-90. The allegations in Paragraphs 89-90 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 89-90 is required. *See* Dkt. No. 109,

Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.[8]

**Bausch + Lomb Adopts a Minority Quota for Its Board of Directors**

91-99. The allegations in Paragraphs 91-99 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 91-99 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**The Icahn Group Negotiates Bausch + Lomb Board Representation**

100. Defendants admit only that Paragraph 100 purports to characterize an email and shareholder agreement, and Defendants respectfully refer the Court to these documents for their contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of these documents.

101-114. The allegations in Paragraphs 101-114 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 101-114 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

---

[8] The allegations in Footnote 8 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Footnote 8 is required. *See* Dkt No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**The Racially Discriminatory Side Letter**

115-121. The allegations in Paragraphs 115-121 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 115-121 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.[9]

**Christina Ackermann Intentionally Omits the Side Letter from the SEC Filing**

122-129. The allegations in Paragraphs 122-129 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 122-129 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.[10]

**The IPO Is Consummated; Icahn Buys Bausch + Lomb Shares**

130. Defendants admit only that Paragraph 130 purports to characterize Bausch + Lomb's press releases, and Defendants respectfully refer the Court to the press releases for their content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the press releases.

---

[9] The allegations in Footnote 9 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Footnote 9 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

[10] The allegations in Footnote 10 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Footnote 10 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

131. Defendants admit the allegations in Paragraph 131.

132. Defendants admit the allegations in Paragraph 132.

133. Defendants admit the allegations in Paragraph 133.

134. Defendants admit the allegations in Paragraph 134.

135. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135.

**The IPO Disappoints; Icahn Seeks to Exercise Board Rights**

136. Defendants admit only that Paragraph 136 purports to characterize Bausch + Lomb's Second Amended Form S-1 filed April 28, 2022, and Defendants respectfully refer the Court to the amended S-1 filing for its content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the amended S-1 filing.

137. Defendants admit only that Paragraph 137 purports to characterize public records, and Defendants respectfully refer the Court to the public records for their contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the public records.

138. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 138, except admit that Bausch + Lomb canceled its bell ringing ceremony at the New York Stock Exchange.

139. Defendants deny the allegations in Paragraph 139.

140. Defendants deny the allegations in Paragraph 140.

**Brett Icahn Expresses a Preference to Appoint Plaintiff, But for His Race**

141. The allegations in Paragraph 141 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants

and therefore, no response to Paragraph 141 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

142. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 142, except admit that (i) Plaintiff was a portfolio manager responsible for the Bausch Investment, (ii) served on the parent company board, (iii) wrote the investment memo for the Bausch Investment, (iv) stood to receive an interest in the investment profits, and (v) had a personal ownership interest in Bausch Health.

143-144. The allegations in Paragraphs 143-144 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 143-144 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**<u>Gary Hu Is Appointed to the Board</u>**

145-150. The allegations in Paragraphs 145-150 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 145-150 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**<u>Plaintiff Was Better Qualified and Understandably the Icahn Group's First Choice</u>**

151-152. The allegations in Paragraphs 151-152 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 151-152 is required. *See* Dkt. No. 109,

Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

153. Defendants deny the allegations in Paragraph 153.

154. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 154, except admit that Plaintiff was eligible to receive an allocation of the profits of the Bausch Investment that was greater than Mr. Hu's allocation.

155. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in the first and last sentences of Paragraph 155. Defendants admit only that the second and third sentences of Paragraph 155 purport to characterize SEC filings, and Defendants respectfully refer the Court to these public records for their content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the SEC filings.

156. Defendants deny the allegations in Paragraph 156.

157-158. The allegations in Paragraphs 157-158 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 157-158 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**Even Without a Board Seat, Plaintiff Endeavors to Engage with Bausch + Lomb**

159-166. The allegations in Paragraphs 159-166 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 159-166 is required. *See* Dkt. No. 109,

Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**General Counsel Christina Ackermann Demands Gary Hu "Chaperone" Plaintiff**

167-176. The allegations in Paragraphs 167-176 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 167-176 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**Plaintiff Complains that the Side Letter Violates Section 1981**

177-183. The allegations in Paragraphs 177-183 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 177-183 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**Brett Icahn Rebuffs Plaintiff's Complaint**

184-192. The allegations in Paragraphs 184-192 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 184-192 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**<u>Plaintiff to "Assist" and "Support"</u>**

193. Defendants admit only that the allegations in Paragraph 193 purport to characterize a message, and Defendants respectfully refer the Court to the message for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the message.

194. Defendants admit only that the allegations in Paragraph 194 purport to characterize an email, and Defendants respectfully refer the Court to the email for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the email.

195-196. The allegations in Paragraphs 195-196 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 195-196 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**<u>Carl Icahn Acknowledges Gary Hu's Board Tenure Was a Failure</u>**

197-201. The allegations in Paragraphs 197-201 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 197-201 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**Gary Hu Receives $993,255 from Bausch + Lomb; Plaintiff Receives $0**

202-204. The allegations in Paragraphs 202-204 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 202-204 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**Defendants' Pattern of Discriminatory Director Recruiting**

205-207. The allegations in Paragraphs 205-207 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 205-207 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**Several Icahn Group Officials Made Racialized and Other Inappropriate Remarks**

208-210. The allegations in Paragraphs 208-210 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 208-210 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.[11]

---

[11] The allegations in Footnote 11 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Footnote 11 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

## III. DEFENDANTS' SCHEME DEPRIVES PLAINTIFF OF EXPECTED BONUSES

**Plaintiff Expected Bausch + Lomb to Meet Its Own December 2021 Forecast**

211. Defendants admit only that the allegations in Paragraph 211 purport to characterize an email and attached slide deck, and Defendants respectfully refer the Court to the email and slide deck for their contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the email and slide deck.[12]

212. Defendants admit only that the allegations in Paragraph 212 purport to characterize a slide deck, and Defendants respectfully refer the Court to the slide deck for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the slide deck.[13] [14]

213. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 213. Defendants admit that the allegations in the second sentence of Paragraph 213 purport to characterize a slide deck, and Defendants respectfully refer the Court to the slide deck for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the slide deck.

---

[12] Defendants admit only that the allegations in Footnote 12 purport to characterize an email, and Defendants respectfully refer the Court to the email for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the email.

[13] Defendants admit the allegations in Footnote 13.

[14] Defendants admit only that the allegations in Footnote 14 purport to characterize a slide deck, and Defendants respectfully refer the Court to the slide deck for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the slide deck.

**After One Year, Bausch + Lomb Had Lowered Its Forecast 2026 Earnings by $462 Million**

214. Defendants admit only that the allegations in Paragraph 214 purport to characterize a forecast prepared by Bausch + Lomb, and Defendants respectfully refer the Court to the forecast for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the forecast. By way of further response, Defendants deny Plaintiff was excluded from the Bausch + Lomb boardroom.

215. Defendants admit only that the allegations in Paragraph 215 purport to characterize a slide deck prepared by Bausch + Lomb, and Defendants respectfully refer the Court to the slide deck for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the slide deck.

216. Defendants admit only that the allegations in Paragraph 216 purport to characterize a slide deck prepared by Bausch + Lomb, and Defendants respectfully refer the Court to the slide deck for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the slide deck.

**After Three Years, Bausch + Lomb Had Lowered Its Forecast 2026 Earnings by $785 Million**

217. Defendants admit only that the allegations in Paragraph 217 purport to characterize a slide deck prepared by Bausch + Lomb, and Defendants respectfully refer the Court to the slide deck for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the slide deck. By way of further response, Defendants deny Plaintiff was excluded from the Bausch + Lomb boardroom.

218. Defendants admit only that the allegations in Paragraph 218 purport to characterize a slide deck prepared by Bausch + Lomb, and Defendants respectfully refer the Court to the slide

deck for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the slide deck.

219. Defendants admit only that the allegations in Paragraph 219 purport to characterize a slide deck prepared by Bausch + Lomb, and Defendants respectfully refer the Court to the slide deck for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the slide deck.

220. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 220.

221. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 221. Defendants deny the remaining allegations in Paragraph 221.

**Plaintiff's Exclusion from the Boardroom Prevented Him from Performing His Paramount Function Under the Employment Agreement, Implementing the Activist Strategy He Devised**

222-223. The allegations in Paragraphs 222-223 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 222-223 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**Gary Hu Failed to Implement Plaintiff's Margin Improvement Strategy**

224-228. The allegations in Paragraphs 224-228 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 224-228 is required. *See* Dkt. No. 109,

Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.[15]

**<u>Gary Hu Failed to Implement Plaintiff's Capital Discipline Strategy</u>**

229-233. The allegations in Paragraphs 229-233 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 229-233 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.[16]

**<u>Gary Hu Failed to Implement Plaintiff's Management Oversight Strategy</u>**

234-238. The allegations in Paragraphs 234-238 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 234-238 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.[17]

---

[15] The allegations in Footnote 15 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Footnote 15 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

[16] The allegations in Footnote 16 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Footnote 16 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

[17] The allegations in Footnote 17 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Footnote 17 is required. *See* Dkt No. 109, Omnibus Order

**Plaintiff was Blocked from Serving on Bausch + Lomb Board Committees**

239-242. The allegations in Paragraphs 239-242 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 239-242 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**Plaintiff's Bausch Health Board Seat Was No Substitute**

243-247. The allegations in Paragraphs 243-247 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 243-247 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**Brett Icahn's Efforts Were No Substitute**

248-250. The allegations in Paragraphs 248-250 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 248-250 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.[18]

---

on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

[18] The allegations in Footnote 18 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Footnote 18 is required. *See* Dkt. No. 109, Omnibus Order

**Gary Hu Was an Ineffective Proxy**

251-252. The allegations in Paragraphs 251-252 relate to Plaintiff's discrimination claims (Counts I and II). The Court dismissed Plaintiff's discrimination claims with prejudice as to Defendants and therefore, no response to Paragraphs 251-252 is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

**Access to Information Was a Separate Source of Harm**

253. The allegations contained in Paragraph 253 consist entirely of arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 253.[19]

**IV. THE ICAHN GROUP'S SCHEME TO HIDE AN ENORMOUS LOAN FROM PLAINTIFF AND THE SEC UNRAVELS, FURTHER HARMING PLAINTIFF**

254. The allegations contained in Paragraph 254 consist entirely of arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 254.

255. Defendants deny the allegations contained in Paragraph 255, except admit that Carl Icahn had margin loans totaling approximately $5.1 billion.

256. Defendants deny the allegations contained in Paragraph 256. By way of further response, Defendants state that the margin loans had no impact on Icahn Capital's liquidity or ability to make or hold investments.

---

on Motions to Dismiss. To the extent a response is required, Defendants reserve the right to supplement their Answer.

[19] Defendants admit the allegations in Footnote 19.

257. Defendants deny the allegations contained in Paragraph 257.

**Carl Icahn and IEP Fined by the SEC for Failing to Disclose $5.1 Billion Margin Loans**

258. Defendants admit only that the allegations in Paragraph 258 purport to characterize IEP's annual report for 2021, and Defendants respectfully refer the Court to IEP's annual report for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of IEP's annual report.

259. Defendants admit only that the allegations in Paragraph 259 purport to characterize the May 2, 2023 report published by Hindenburg Research, LLC (the "Hindenburg Report"), and Defendants respectfully refer the Court to the report for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the Hindenburg Report.

260. Defendants admit only that the allegations in Paragraph 260 purport to characterize public stock records, and Defendants respectfully refer the Court to these records for their contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the public stock records.

261. Defendants admit only that the allegations in Paragraph 261 purport to characterize IEP's securities filings, and Defendants respectfully refer the Court to these filings for their contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of IEP's securities filings.

262. Defendants admit only that the allegations in Paragraph 262 purport to characterize and summarize SEC-issued Cease-and-Desist Orders, and Defendants respectfully refer the Court

to the SEC orders for their contents. Defendants deny these characterizations and summary to the extent that they do not accurately reflect the contents of SEC orders.

263. Defendants admit only that the allegations in Paragraph 263 purport to characterize and summarize an SEC-issued Cease-and-Desist Order, and Defendants respectfully refer the Court to the SEC order for its contents. Defendants deny these characterizations and summary to the extent that they do not accurately reflect the contents of the SEC order.

264. Defendants admit only that the allegations in Paragraph 264 purport to characterize an SEC press release, and Defendants respectfully refer the Court to the press release for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the press release.

**Banks Demand Repayment from Carl Icahn**

265. Defendants deny the allegations in Paragraph 265.

266. Defendants deny the allegations in Paragraph 266.

267. Defendants admit only that the allegations in Paragraph 267 purport to characterize a public record, and Defendants respectfully refer the Court to the public record for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the public record.

268. Defendants admit only that the allegations in Paragraph 268 purport to characterize a public record, and Defendants respectfully refer the Court to the public record for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the public record.

269. Defendants admit only that the allegations in Paragraph 269 purport to characterize a public record, and Defendants respectfully refer the Court to the public record for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the public record.

**Icahn Capital Sells Investments to Cover Margin Loans**

270. Defendants deny the allegations in Paragraph 270.

271. Defendants deny the allegations in Paragraph 271.

272. Defendants deny the allegations in the first sentence of Paragraph 272. Defendants admit only that the allegations in the second sentence of Paragraph 272 purport to characterize a public record, and Defendants respectfully refer the Court to the public record for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the public record.

273. Defendants deny the allegations in Paragraph 273.

**Bausch Investment Untouched as Brett Icahn Insists It Is "Way Undervalued"**

274. Defendants deny the allegations in Paragraph 274.

275. Defendants deny the allegations in the first sentence of Paragraph 275. Defendants admit the allegations in the second sentence of Paragraph 275.

276. Defendants admit only that the allegations in Paragraph 276 purport to characterize an email from Brett Icahn, and Defendants respectfully refer the Court to the email for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the email.

**Bausch Shares Sold to Cover Carl Icahn's Margin Loans**

277. Defendants admit only that the allegations in Paragraph 277 purport to characterize a public record, and Defendants respectfully refer the Court to the public record for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the public record.

278. Defendants admit only that the allegations in Paragraph 278 purport to characterize a public record, and Defendants respectfully refer the Court to the public record for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the public record.

279. Defendants deny the allegations in Paragraph 279.

280. Defendants admit the allegations in Paragraph 280.

281. Defendants deny the allegations in Paragraph 281.[20]

282. Defendants admit the allegations in Paragraph 282.

**The Margin Loan Debacle Shrank Plaintiff's Compensation Under the Employment Agreement**

283. The allegations contained in Paragraph 283 consist entirely of arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 283.

284. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 284.

[20] Defendants deny the allegations in Footnote 20.

285. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 285 and deny those allegations. By way of further response, Defendants deny that Bausch Health's market capitalization of approximately $7 billion at the end of December 2020 was too large relative to the Icahn Group's actual investment liquidity for it to be a suitable activist target.

286. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 286. By way of further response, Defendants deny that any margin calls led to a forced liquidation of the Bausch Investment.

287. Defendants deny the allegations in Paragraph 287.

288. Defendants admit only that the first sentence of Paragraph 288 purports to characterize an email and attachments thereto, and Defendants respectfully refer the Court to these documents for their content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of these documents. Defendants deny the allegations in the second sentence of Paragraph 288.

289. Defendants admit only that the first sentence of Paragraph 289 purports to characterize Bausch Health's press release, and Defendants respectfully refer the Court to the press release for its content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the press release. Defendants deny the allegations in the second sentence of Paragraph 289.

290. The allegations contained in Paragraph 290 consist entirely of arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 290.

**Plaintiff Also Suffered Reputational Harm from the Margin Loan Debacle**

291. The allegations contained in Paragraph 291 consist entirely of arguments and legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 291.

## V. PLAINTIFF RELIED UPON FALSE AND MISLEADING REPRESENTATIONS OF AVAILABLE INVESTMENT FUNDS BOTH PRIOR TO AND DURING HIS EMPLOYMENT; ACTIVE CONCEALMENT ALSO OCCURRED

**During Negotiations, Brett Icahn Represented Up to $11.0 billion in Investment Capacity**

292. Defendants deny the allegations in Paragraph 292.

293. Defendants admit only that the allegations in Paragraph 293 purport to characterize an email and attached spreadsheet, and Defendants respectfully refer the Court to the email and spreadsheet for their content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the email and spreadsheet.

294. Defendants admit only that the allegations in Paragraph 294 purport to characterize an email and attached spreadsheet, and Defendants respectfully refer the Court to the email and spreadsheet for their content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the email and spreadsheet.

**Plaintiff Consulted and Relied on IEP's Filings**

295. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of Paragraph 295. Defendants admit only that the allegations in the second sentence of Paragraph 295 purport to characterize IEP's publicly filed annual report, and Defendants respectfully refer the Court to the annual report for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the annual report.

296. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 296.

297. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 297.

298. Defendants lack the knowledge or information sufficient to form a belief about the allegations in the first and second sentences of Paragraph 298, except admit that IEP's 2019 Annual Report states that Carl Icahn beneficially owned approximately 197 million units of IEP. Defendants deny the remaining allegations contained in Paragraph 298.

299. Defendants lack the knowledge or information sufficient to form a belief about the allegations in the first sentence of Paragraph 299. Defendants deny the remaining allegations in Paragraph 299.

**Brett Icahn Actively Concealed the Margin Loans When Plaintiff Inquired**

300. Defendants lack the knowledge or information sufficient to form a belief about the allegations in the first sentence of Paragraph 300. Defendants deny the remaining allegations contained in Paragraph 300.

301. Defendants lack the knowledge or information sufficient to form a belief about the allegations in the first sentence of Paragraph 301. Defendants admit only that the allegations in the second sentence of Paragraph 301 purport to characterize an email and Defendants respectfully refer the Court to the email for its content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the email.

302. Defendants deny the allegations in Paragraph 302.

303. Defendants deny the allegations in Paragraph 303.

**Brett Icahn's Representations Were Knowingly False or Misleading**

304. Defendants deny the allegations in Paragraph 304.

305. Defendants deny the allegations in the first sentence of Paragraph 305. Defendants lack the knowledge or information sufficient to form a belief about the allegations in the second sentence of Paragraph 305.

306. Defendants deny the allegations in Paragraph 306, except admit that IEP's investment funds were approximately $3.2 billion as of September 30, 2025.

307. Defendants deny the allegations in Paragraph 307.

308. The allegations contained in the first sentence of Paragraph 308 consist entirely of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the first sentence of Paragraph 308. Defendants further deny the allegations in the second sentence of Paragraph 308.

**During Plaintiff's Employment, "Carl's End of Day Report" Was Misleading**

309. Defendants admit only that the allegations in the first sentence of Paragraph 309 purport to characterize an email, and Defendants respectfully refer the Court to the email for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the email. Defendants deny the allegations in the second sentence of Paragraph 309.

310. Defendants admit only that the allegations in Paragraph 310 purport to characterize a daily report, and Defendants respectfully refer the Court to the report for its content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the report.

311. Defendants deny the allegations in Paragraph 311.

312. Defendants admit only that the allegations in Paragraph 312 purport to characterize a daily report, and Defendants respectfully refer the Court to the report for its content. Defendants

deny these characterizations to the extent that they do not accurately reflect the contents of the report.

313. Defendants deny the allegations in Paragraph 313.

## VI. CARL ICAHN KNEW THAT THE MARGIN LOANS WERE MATERIAL TO PLAINTIFF AND UNITHOLDERS AND THAT CONCEALING IT WAS UNLAWFUL

314. Defendants admit the allegations in the first sentence of Paragraph 314. The allegations contained in the remaining sentences of Paragraph 314 consist entirely of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the remaining sentences of Paragraph 314.

315. The allegations contained in Paragraph 315 consist entirely of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 315.

316. Defendants deny the allegations in Paragraph 316.

### Carl Icahn Intended to Obtain $1.9 Billion by Fraud

317. Defendants deny the allegations in Paragraph 317.

318. Defendants deny the allegations in Paragraph 318.

319. Defendants deny the allegations in Paragraph 319.

320. Defendants deny the allegations in Paragraph 320.[21]

321. Defendants deny the allegations in Paragraph 321.

---

[21] Defendants deny the allegations contained in Footnote 21.

322. The allegations contained in Paragraph 322 consist entirely of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 322.

323. Defendants deny the allegations contained in Paragraph 323.

324. Defendants deny the allegations in Paragraph 324.

325. Defendants deny the allegations in Paragraph 325.

326. Defendants deny the allegations contained in Paragraph 326.

**Absence of Mistake or Lack of Accident Demonstrated by Related Conduct**

327. The allegations contained in the first sentence of Paragraph 327 consist entirely of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny the allegations contained in the first sentence of Paragraph 327. By way of further response, Defendants admit only that the allegations in the second and third sentences of Paragraph 327 purport to characterize a letter from Bausch Health and Bausch Health's SEC filing, and Defendants respectfully refer the Court to the letter and SEC filing for their contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the letter and SEC filing.[22]

328. Defendants deny the allegations in Paragraph 328.[23]

---

[22] The allegations contained in Footnote 22 consist entirely of legal conclusions and arguments to which no response is required. Defendants deny the allegations contained in Footnote 22.

[23] Defendants admit only that the allegations in Footnote 23 purport to characterize a decision in a public lawsuit, and Defendants respectfully refer the Court to the decision for its content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the decision.

**Carl Icahn's Scienter Revealed by His Reaction to the Bill Hwang Investigation and Arrest**

329. Defendants deny the allegations contained in Paragraph 329, except admit that the margin loans were disclosed in February 2022.

330. Defendants admit only that the allegations in Paragraph 330 purport to characterize emails, and Defendants respectfully refer the Court to the emails for their contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the emails and deny any remaining allegations in Paragraph 330.

331. Defendants deny the allegations in Paragraph 331, except admit that the margin loans were disclosed on February 25, 2022 in IEP's 2021 Annual Report.

332. The allegations contained in Paragraph 332 consist entirely of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 332.

**Carl Icahn's Scienter Revealed by the "Half Truth" in the 2021 Annual Report**

333. The allegations contained in Paragraph 333 consist entirely of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 333.

334. Defendants admit only that the allegations in Paragraph 334 purport to characterize IEP's SEC filings for 2021 and 2023, and Defendants respectfully refer the Court to these SEC filings for their contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of IEP's SEC filings and any remaining allegations in Paragraph 334.[24]

---

[24] Defendants admit only that the allegations in Footnote 24 purport to characterize statements made in IEP's SEC filing for 2021, and Defendants respectfully refer the Court

335. Defendants deny the allegations in Paragraph 335.

336. Defendants deny the allegations in Paragraph 336.[25]

**Carl Icahn's Scienter Revealed by His Extreme Secrecy**

337. The allegations contained in Paragraph 337 consist entirely of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 337.

338. The allegations contained in Paragraph 338 consist entirely of legal conclusions and arguments to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 338.

## FIRST CAUSE OF ACTION

**(Intentional Race Discrimination in Violation of Section 1981—All Defendants)**

339. Defendants incorporate and reassert the answers to all preceding paragraphs as though fully set forth herein.

340-374. The Court has dismissed Count I of the Complaint and therefore no response to Paragraphs 340-374 of the Complaint is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants deny the allegations and legal conclusions in Paragraphs 340-374.[26]

---

to the SEC filing for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of IEP's SEC filing.

[25] Defendants deny the allegations in Footnote 25, except admit that Bill Hwang was arrested on April 27, 2022.

[26] The Court has dismissed Count I of Plaintiff's Complaint and therefore no response to Footnote 26 of the Complaint is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Defendants deny the allegations in Footnote 26.

## SECOND CAUSE OF ACTION

**(Breach of Contract (Discrimination)—Icahn Capital)**

375. Defendants incorporate and reassert the answers to all preceding paragraphs as though fully set forth herein.

376-382. The Court has dismissed Count II of Plaintiff's Complaint and therefore no response to Paragraphs 376-382 of the Complaint is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Icahn Capital denies the allegations and legal conclusions in Paragraphs 376-382.

383. The Court has dismissed Count II of Plaintiff's Complaint, so no response is required to the extent the allegations in Paragraph 383 relate to Count II. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent the allegations in this paragraph relate to Counts III, IV, and/or V, Defendants state that Paragraph 383 purports to characterize legal authority, which is in writing and speaks for itself. Defendants deny Plaintiff's characterization to the extent it is inconsistent with the authority itself and deny that Plaintiff is entitled to expectation damages.

384. The Court has dismissed Count II of Plaintiff's Complaint, so no response is required to the extent the allegations in Paragraph 384 relate to Count II. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent the allegations in this paragraph relate to Counts III, IV, and/or V, Defendants deny the allegations in Paragraph 384.

385. The Court has dismissed Count II of Plaintiff's Complaint, so no response is required to the extent the allegations in Paragraph 385 relate to Count II. *See* Dkt. No. 109,

Omnibus Order on Motions to Dismiss. To the extent the allegations in this paragraph relate to Counts III, IV, and/or V, Defendants deny the allegations in Paragraph 385.[27]

386. The Court has dismissed Count II of Plaintiff's Complaint, so no response is required to the extent the allegations in Paragraph 386 relate to Count II. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent the allegations in this paragraph relate to Counts III, IV, and/or V, Defendants deny the allegations in the first sentence of Paragraph 386. Defendants admit only that the remaining allegations in Paragraph 386 purport to characterize public records, and Defendants respectfully refer the Court to these public records for their contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the public records.

387. The Court has dismissed Count II of Plaintiff's Complaint, so no response is required to the extent the allegations in Paragraph 387 relate to Count II. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent the allegations in this paragraph relate to Counts III, IV, and/or V, Defendants lack the knowledge or information sufficient to form a belief about the allegations in the first sentence of Paragraph 387. Defendants deny the allegations in the last sentence of Paragraph 387.[28]

388. The Court has dismissed Count II of Plaintiff's Complaint, so no response is required to the extent the allegations in Paragraph 388 relate to Count II. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent the allegations in this paragraph relate to

---

[27] Defendants deny the allegations in the first and last sentences of Footnote 27. Defendants admit the allegation in the second sentence of Footnote 27.

[28] Defendants admit only that the allegations in Footnote 28 purport to characterize a news article, and Defendants respectfully refer the Court to the news article for its contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the news article.

Counts III, IV, and/or V, Defendants deny the allegations in the first sentence of Paragraph 388. Defendants admit only that the remaining allegations in Paragraph 388 purport to characterize public records, and Defendants respectfully refer the Court to the public records for their contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the public records.[29] [30]

389. The Court has dismissed Count II of Plaintiff's Complaint, so no response is required to the extent the allegations in Paragraph 389 relate to Count II. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent the allegations in this paragraph relate to Counts III, IV, and/or V, Defendants deny the allegations in Paragraph 389.[31]

390. The Court has dismissed Count II of Plaintiff's Complaint, so no response is required to the extent the allegations in Paragraph 390 relate to Count II. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent the allegations in this paragraph relate to Counts III, IV, and/or V, Defendants deny the allegations in Paragraph 390.

391. The Court has dismissed Count II of Plaintiff's Complaint, so no response is required to the extent the allegations in Paragraph 391 relate to Count II. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent the allegations in this paragraph relate to Counts III, IV, and/or V, Defendants state that Paragraph 391 purports to characterize legal

---

[29] Defendants admit only that the allegations in Footnote 29 purport to characterize public records, and Defendants respectfully refer the Court to the public records for their contents. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the public records.

[30] Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in Footnote 30.

[31] Defendants deny the allegations in Footnote 31.

authority, which is in writing and speaks for itself. Defendants deny Plaintiff's characterization to the extent it is inconsistent with the authority itself.

392-394. The Court has dismissed Count II of Plaintiff's Complaint and therefore no response to Paragraphs 392-394 of the Complaint is required. *See* Dkt. No. 109, Omnibus Order on Motions to Dismiss. To the extent a response is required, Icahn Capital denies the allegations and legal conclusions in Paragraphs 392-394.

**<u>THIRD CAUSE OF ACTION</u>**

**(Breach of Contract (Margin Loans)—Icahn Capital)**

395. Defendants incorporate and reassert the answers to all preceding paragraphs as though fully set forth herein.

396. Paragraph 396 purports to characterize legal authority, which is in writing and speaks for itself. Defendants deny Plaintiff's characterization to the extent it is inconsistent with the authority itself.

397. Defendants deny the allegations in Paragraph 397, except admit that Brett Icahn and Jesse Lynn spoke with Plaintiff prior to Plaintiff's execution of the Employment Agreement in October 2020 to discuss his potential employment with Icahn Capital.

398. Denied.

399. Denied.

400. Denied.

401. Defendants lack the knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 401.

402. Denied.

403. Denied.

404. Denied.

405. Denied.

406. Paragraph 406 purports to characterize legal authority, which is in writing and speaks for itself. Defendants deny Plaintiff's characterization to the extent it is inconsistent with the authority itself.

407. Paragraph 407 purports to characterize legal authority, which is in writing and speaks for itself. Defendants deny Plaintiff's characterization to the extent it is inconsistent with the authority itself.

408. The allegations in Paragraph 408 are legal conclusions and arguments to which no response is required. To the extent an answer is required, Defendants deny these allegations.

409. To the extent that Paragraph 409 purports to characterize legal authority, that authority is in writing and speaks for itself. Defendants deny Plaintiff's characterization of that authority to the extent it is inconsistent with the authority itself. Defendants deny the remainder of the allegations and legal conclusions in Paragraph 409.

410. To the extent that Paragraph 410 purports to characterize legal authority, that authority is in writing and speaks for itself. Defendants deny Plaintiff's characterization of that authority to the extent it is inconsistent with the authority itself. The remainder of the allegations in Paragraph 410 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny these allegations.

411. The allegations in Paragraph 411 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny these allegations.

## FOURTH CAUSE OF ACTION

**(Fraudulent Concealment—IEP, Icahn Capital, Carl Icahn, Brett Icahn)**

412. Defendants incorporate and reassert the answers to all preceding paragraphs as though fully set forth herein.

413. To the extent the allegations in Paragraph 413 (including footnote 32) purport to characterize legal authority, that authority is in writing and speaks for itself. Defendants deny Plaintiff's characterization of that authority to the extent it is inconsistent with the authority itself. The remainder of allegations in Paragraph 413 (including footnote 32) are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny these allegations.

414. The allegations in Paragraph 414 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny these allegations.

415. Denied.

416. Denied.

417. The allegations in Paragraph 417 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny these allegations. Additionally, to the extent Paragraph 417 purports to characterize legal authority, that authority is in writing and speaks for itself. Defendants deny Plaintiff's characterization of that authority to the extent it is inconsistent with the authority itself.

418. The allegations in Paragraph 418 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny these allegations.

419. The allegations in Paragraph 419 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny these allegations. Additionally, to

the extent Paragraph 419 purports to characterize legal authority, that authority is in writing and speaks for itself. Defendants deny Plaintiff's characterization of that authority to the extent it is inconsistent with the authority itself.

420. Denied.

421. The allegations in Paragraph 421 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny these allegations.

422. The allegations in Paragraph 422 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny these allegations. Additionally, to the extent Paragraph 422 purports to characterize legal authority, that authority is in writing and speaks for itself. Defendants deny Plaintiff's characterization of that authority to the extent it is inconsistent with the authority itself.

**FIFTH CAUSE OF ACTION**

**(Fraudulent Inducement—IEP, Icahn Capital, Carl Icahn, Brett Icahn)**

423. Defendants incorporate and reassert the answers to all preceding paragraphs as though fully set forth herein.

424. Paragraph 424 purports to characterize legal authority, which is in writing and speaks for itself. Defendants deny Plaintiff's characterization to the extent it is inconsistent with the authority itself.

425. The allegations in Paragraph 425 are legal conclusions and arguments to which no answer is required. To the extent an answer is required, Defendants deny these allegations.

426. The allegations in Paragraph 426 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny these allegations. Additionally, to the extent Paragraph 426 purports to characterize an email and attached spreadsheet, Defendants

respectfully refer the Court to the email and spreadsheet for their content. Defendants deny these characterizations to the extent that they do not accurately reflect the contents of the email and spreadsheet.

427. Paragraph 427 purports to characterize legal authority, which is in writing and speaks for itself. Defendants deny Plaintiff's characterization to the extent it is inconsistent with the authority itself.

428. The allegations in Paragraph 428 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny these allegations. Additionally, to the extent Paragraph 428 purports to characterize legal authority, that authority is in writing and speaks for itself. Defendants deny Plaintiff's characterization to the extent it is inconsistent with the authority itself.

429. Denied.

430. The allegations in Paragraph 430 are legal conclusions to which no answer is required. To the extent an answer is required, Defendants deny these allegations.

## SIXTH CAUSE OF ACTION

**(Tortious Interference with Contract/Business Relationship—Bausch + Lomb, Bausch Health, Christina Ackermann, and Tom Ross)**

431. Defendants incorporate and reassert the answers to all preceding paragraphs as though fully set forth herein.

432-445. The allegations in Count VI do not apply to Defendants and, on that basis, no response to Paragraphs 432-445 is required. To the extent a response is required, Defendants deny the allegations and legal conclusions in Paragraphs 432-445.

## SEVENTH CAUSE OF ACTION

**(Unjust Enrichment—Tom Ross, Gary Hu)**

446. Defendants incorporate and reassert the answers to all preceding paragraphs as though fully set forth herein.

447-456. Plaintiff voluntarily dismissed Count VII of his Complaint. Dkt. No. 104. Moreover, the allegations in Count VII do not apply to Defendants. Therefore, no response to Paragraphs 447-456 is required. To the extent a response is required, Defendants deny the allegations and legal conclusions in Paragraphs 447-456.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief whatsoever, either as requested in the Prayer for Relief or otherwise.

## JURY DEMAND

The jury trial demand does not constitute an averment of fact, and therefore, no response is required.

## AFFIRMATIVE DEFENSES

In asserting the following affirmative and other defenses to Plaintiff's claims, Defendants do not concede that the assertion of such defenses imposes any burden of proof on Defendants with respect thereto. Defendants expressly reserve the right to supplement, amend, or delete any or all of the following affirmative and other defenses before any trial of this action.

### AFFIRMATIVE DEFENSE ONE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

**AFFIRMATIVE DEFENSE TWO**

Plaintiff's claims and/or damages, if any, are barred and/or limited, in whole or in part, by his failure to make reasonable and diligent efforts to mitigate any alleged damages.

**AFFIRMATIVE DEFENSE THREE**

Plaintiff's claims and/or damages, if any, are barred and/or limited, in whole or in part, under the terms of the Employment Agreement.

**AFFIRMATIVE DEFENSE FOUR**

Plaintiff's claims and/or damages, if any, are barred and/or limited, in whole or in part, by the doctrine of unclean hands.

**AFFIRMATIVE DEFENSE FIVE**

Plaintiff's claims and/or damages, if any, are barred and/or limited, in whole or in part, by the doctrines of laches or equitable estoppel.

**AFFIRMATIVE DEFENSE SIX**

Plaintiff's claims and/or damages, if any, are barred and/or should be reduced as a result of his own actions/inactions.

**AFFIRMATIVE DEFENSE SEVEN**

Plaintiff's claims and/or damages, if any, are barred and/or limited by operation of the law and the doctrine of waiver.

**AFFIRMATIVE DEFENSE EIGHT**

Plaintiff's breach of contract and breach of the implied covenant of good faith and fair dealing claims are barred and/or limited, in whole or in part, because Defendants did not breach any contract with Plaintiff.

**AFFIRMATIVE DEFENSE NINE**

Defendants' actions were not the proximate cause of any harm, injury, or damage Plaintiff allegedly suffered.

Dated: September 17, 2026

*/s/ Mark A. Levy*
Mark A. Levy
Florida Bar No. 121320
BRINKLEY MORGAN
100 SE Third Avenue, 23rd Floor
Fort Lauderdale, FL 33394
Telephone: 954-522-2200
mark.levy@brinkleymorgan.com

Jonathan R. Streeter (*pro hac vice)*
Nicolle L. Jacoby (*pro hac vice)*
Tanya K. Warnke (*pro hac vice)*
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: 212-698-3500
jonathan.streeter@dechert.com
nicolle.jacoby@dechert.com
tanya.warnke@dechert.com

*Counsel for Defendants Icahn Enterprises L.P., Icahn Enterprises G.P. Inc., Icahn Capital LP, Carl Icahn, and Brett Icahn.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, the within document was served on all counsel of record in this case.

Dated: September 17, 2026

*/s/ Mark A. Levy*
Mark A. Levy